**CLEARY GIACOBBE ALFIERI JACOBS LLC**
169 Ramapo Valley Road
Upper Level 105
Oakland, New Jersey 07436
Tel: 973-845-6700
Fax: 201-644-7601
Anthony P. Seijas, Esq. (Attorney ID No. 029711996)
Attorneys for Defendants, City of Asbury Park, Asbury Park
Police Department and Sergeant Sean Deshader

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAYVON JELANI WHITE, as Administrator of the Estate of HASANI K. BEST, deceased, and JAMILA MADDICKS, as Mother and Natural Guardian of J.B., the infant of HASANI BEST, and DAYVON JELANI WHITE, Individually, and HALEEMA BROWN, as Mother and Natural Guardian of S.B., the infant of HASANI BEST, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ASBURY PARK, ASBURY PARK POLICE DEPARTMENT, MONMOUTH COUNTY SHERIFF'S DEPARTMENT, and SARGEANT SEAN DESHADER, <br><br> Defendants. | CIVIL ACTION NO. <br><br><br> **NOTICE OF REMOVAL** |

TO THE HONORABLE JUDGES OF THE UNITED DISTRICT COURT FOR

THE DISTRICT OF NEW JERSEY:

Cleary Giacobbe Alfieri Jacobs LLC, counsel for the

defendants, CITY OF ASBURY PARK, ASBURY PARK POLICE DEPARTMENT,

and SERGEANT SEAN DESHADER in the above-captioned matter, hereby

file this Notice of Removal to remove an action currently pending in the Superior Court of New Jersey to the United States District Court for the District of New Jersey.

As grounds for removal, Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader state as follows:

1.    The plaintiff, Dayvon Jelani White, as Administrator of the Estate of Hasani K. Best, deceased, and Jamila Maddicks, as Mother and Natural Guardian of J.B., the infant of Hasani Best, and Dayvon Jelani White, Individually, and Haleema Brown, as Mother and Natural Guardian of S.B., the infant of Hasani Best ("Plaintiff"), initiated this action in the Superior Court of New Jersey, Law Division, Monmouth County, under Docket No. MON-L-3253-21 by way of complaint entitled <u>Dayvon Jelani White,</u> <u>as Administrator of the Estate of Hasani K. Best, deceased, et</u> <u>als. v. City of Asbury Park, et al</u>, and filed on September 27, 2021 (the "Complaint"), a copy of which is annexed hereto as **Exhibit A.**

2.    Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader received a copy of the Complaint on September 28, 2021 and are filing this Notice of Removal within 30 days thereof.

3.    The foregoing Complaint is all the process, pleadings and orders served upon Defendants, City of Asbury Park, Asbury

Park Police Department and Sergeant Sean Deshader in this action.

4.   This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and is one which may be removed to this Court by Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader pursuant to 28 U.S.C. §1441(a) in that Plaintiffs' Complaint asserts claims arising under the Constitution, laws or treaties of the United States. Specifically, Plaintiffs allege violations of 42 U.S.C. §1983 by allegedly being subject to excessive force by police officers employed by the City of Asbury Park.

5.   Concurrent with the filing of this Notice of Removal, Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader are filing a copy with the Clerk, Superior Court of New Jersey, Law Division, Monmouth County and providing a copy hereof to Plaintiffs' counsel, Charles M. Crocco, Esq.

6.   Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader do not waive any defenses by filing this Notice of Removal.

WHEREFORE, Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader hereby gives notice that the above-captioned case now pending in the Superior Court

3

of New Jersey, Law Division, Monmouth County is removed therefrom to the United States District Court for the District of New Jersey where it shall proceed as an action originally commenced therein.

CLEARY GIACOBBE ALFIERI JACOBS LLC
*Attorneys for the Defendants, City of Asbury Park, Asbury Park Police Department and Sergeant Sean Deshader*


By:   /s/ Anthony P. Seijas
        Anthony P. Seijas, Esq.

Dated: October 19, 2021

## CERTIFICATION OF SERVICE

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on all parties of record via overnight delivery to:

Charles M. Crocco, Esq.
Nelson Fromer Crocco & Jordan
2300 Route 66, Suite 102
Neptune, New Jersey 07753
*Attorneys for Plaintiffs*

I declare under penalty of perjury that the foregoing is true and correct.

CLEARY GIACOBBE ALFIERI JACOBS LLC
*Attorneys for the Defendants*

By:   */s/ Anthony P. Seijas, Esq.*
Anthony P. Seijas, Esq.

Dated: October 19, 2021

5

EXHIBIT A

Received:
09/27/2021   13:08 Nelson Fromer Crocco Jordan                Sep 27 2021 02:09pm
                                                             (FAX)732 774 8550          P.002/028

Charles M. Crocco, Esq.
Attorney ID# 019531996
Nelson, Fromer, Crocco & Jordan
2300 Route 66, Suite 102
Neptune, NJ 07753
Phone: (732) 774-6443
Fax: (732) 774-7155
Attorneys for Plaintiffs

Scott E. Rynecki, Esq.
Attorney ID# 04351989
Rubenstein & Rynecki
16 Court Street, Suite 1717
Brooklyn, New York 11241
Phone: (718) 522-1020
Fax:    (718)522-3804
Attorneys for Plaintiffs



RECEIVED
SEP 2 8 2021
By Clerks
OSSice

| | |
|---|---|
| DAYVON JELANI WHITE, as Administrator of the Estate of HASANI K. BEST, deceased, and JAMILA MADDICKS, as Mother and Natural Guardian of J.B., the infant of HASANI BEST, and DAYVON JELANI WHITE, Individually, and HALEEMA BROWN, as Mother and Natural Guardian Of S.B., the infant of HASANI BEST; | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION-MONMOUTH COUNTY<br>:<br>: DOCKET NO.: MON-L-3253-21<br>: |
| Plaintiffs, | :     SUMMONS |
| vs. | : |
| CITY OF ASBURY PARK, ASBURY PARK POLICE DEPARTMENT, MONMOUTH COUNTY SHERIFF'S DEPARTMENT, and SARGEANT SEAN DESHADER; | : |
| Defendants. | : |

From The State of New Jersey To:  **ASBURY PARK POLICE DEPARTMENT**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee * payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is

Charles M. Crocco, Esq.
**Attorney ID# 019531996**
Nelson, Fromer, Crocco & Jordan
2300 Route 66, Suite 102
Neptune, NJ 07753
Phone:  (732) 774-6443
Fax:  (732) 774-7155
Attorneys for Plaintiff

entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

     If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:   September 27, 2021

/s/ Michelle M. Smith
MICHELLE M. SMITH, Clerk of the Superior Court

Name of Defendant to be Served:          **ASBURY PARK POLICE DEPARTMENT**
Address of Defendant to be Served:        1 Municipal Plaza
                                           Asbury Park, New Jersey 07712

3

Scott E. Rynecki, Esq.
Attorney ID # 043501989
RUBENSTEIN & RYNECKI, ESQS.
16 Court Street, Suite 1717
Brooklyn, New York 11241
Attorneys for Plaintiffs

Charles M. Crocco, Esq.
Attorney ID # 019531996
LAW OFFICES OF NELSON, FROMER,
CROCCO & JORDAN
2300 NJ-66 Suite 102
Tinton Falls, New Jersey 07753
Attorneys for Plaintiffs

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MONMOUTH COUNTY
Docket No.:

Civil Action

## COMPLAINT and JURY DEMAND

------------------------------------------------------X
DAYVON JELANI WHITE, as Administrator of the
Estate of HASANI K. BEST, deceased, and
JAMILA MADDICKS, as Mother and Natural
Guardian of J.B., the infant of HASANI BEST, and
DAYVON JELANI WHITE, individually, and
HALEEMA BROWN, as Mother and Natural
Guardian of S.B., the infant of HASANI BEST

Plaintiffs,

-against-

CITY OF ASBURY PARK, ASBURY PARK
POLICE DEPARTMENT, MONMOUTH
COUNTY SHERIFF'S DEPARTMENT and
SERGEANT SEAN DESHADER,

Defendants.
------------------------------------------------------X

Plaintiff, Dayvon Jelani White, residing at 725 Stanley Avenue, Brooklyn, NY 11207, by

way of complaint against the defendants say:

## STATEMENT OF FACTS

1.   On August 21, 2020, Hasani Best was 39 years of age, having been born on May 7, 1981.

Received:
09/27/2021     13:09 Nelson Fromer Crocco Jordan          Sep 27 2021 02:09pm
                                                          (FAX)732 774 8550          P.008/028

MON-L-003263-21   09/22/2021 11:18:38 AM  Pg 2 of 17 Trans ID: LCV20212198985

2.   On August 21, 2020, Hasani Best was the father of three:

Dayvon Jelani White, DOB: February 15, 2000

J. B., an infant, DOB: November 7, 2019

S.B an infant, DOB: February 1, 2018

3.   On August 21, 2020, Hasani Best was present on the premises known as 915 4th Avenue, Asbury Park, New Jersey.

4.   On August 21, 2020, members of the Asbury Park Police Department were present within the premises known as 915 4th Avenue, Asbury Park, New Jersey.

5.   On August 21, 2020, members of the Monmouth County Sheriff's Department were present within the premises known as 915 4th Avenue, Asbury Park, New Jersey.

6.   On August 21, 2020, members of the Asbury Park Police Department were called to the premises known as 915 4th Avenue, Asbury Park, New Jersey to respond to a call relating to a domestic dispute.

7.   On August 21, 2020, members of the Monmouth County Sheriff's Department were present within the premises known as 915 4th Avenue, Asbury Park, New Jersey to response to and assist members of the Asbury Park Police Department.

8.   On August 21, 2020, for approximately a one hour period a negotiation took place at the above location between the decedent plaintiff, Hasani Best, and members of the Asbury Park Police Department, including Sergeant Sean DeShader.

9.   On August 21, 2020, Sean DeShader was an employee of the Asbury Park Police Department.

10.   On August 21, 2020, Sean DeShader was a Sergeant in the Asbury Park Police Department.

11.   On August 21, 2020, Sergeant Sean DeShader was present within the premises known as

09/27/2021      13:09 Nelson Fromer Crocco Jordan      Received:      Sep 27 2021 02:10pm      P.009/028
(FAX)732 774 8550

MON-L-003263-21   09/22/2021 11:18:38 AM  Pg 3 of 17 Trans ID: LCV20212196985

915 4th Avenue, Asbury Park, New Jersey in his capacity as a police officer with the Asbury Park Police Department.

12.     On August 21, 2020 and for some time prior thereto, Sergeant Sean DeShader was familiar with the decedent plaintiff, Hasani Best.

13.     On August 21, 2020, Sergeant Sean DeShader was involved in an ongoing dialogue with the decedent plaintiff, Hasani Best, for approximately forty-five (45) minutes within the premises known 915 4th Avenue, Asbury Park, New Jersey.

14.     On August 21, 2020, decedent plaintiff, Hasani Best, was shot multiple times by Sergeant Sean DeShader within the premises known as 915 4th Avenue, Asbury Park, New Jersey.

15.     On August 21, 2020, the decedent plaintiff, Hasani Best, died as a result of multiple gunshot wounds.

16.     On August 21, 2020, the shooting and discharge of his weapon by Sergeant Sean DeShader was without proper justification and/or provocation and not how a reasonably prudent police officer would have acted under the circumstances.

17.     On August 21, 2020, Hasani Best was pronounced dead at Jersey Shore Medical Center as a result of being shot multiple times by Sergeant Sean DeShader.

18.     On June 11, 2021, Dayvon Jelani White was granted Letters of Administration of the Estate of Hasani Best by Honorable Judge Nelida Malave-Gonzalez of the Bronx County Surrogate Court in Bronx, New York, (A copy attached hereto.)

19.     On October 20, 2020 and again on June 15, 2021, a Notice of Claim was served upon the Asbury Park Police Department, Asbury Park, State of New Jersey and Monmouth County. (Copies attached.)

20.     To date, Asbury Park Police Department and the City of Asbury Park have failed to

acknowledge or respond to the Notice of Claim.

21.  The within incident and shooting of decedent plaintiff, Hasani Best, by Asbury Park Police

Sergeant Sean DeShader was widely reported on by numerous television, radio and newspaper

outlets within New Jersey.

22.  The within incident is the subject of an investigation by the Attorney General's Office of

the State of New Jersey pursuant to the "Independent Prosecutor Directive" which governs use of

force investigations involving use of force by police officers in the State of New Jersey.

<u>FIRST COUNT</u>

1.  On or about August 21, 2020, the decedent plaintiff, Hasani Best, was within the premises

known as 915 4th Avenue, Asbury Park, County of Monmouth, State of New Jersey.

2.  At all times relevant herein, the defendant, the City of Asbury Park, was an existing and

duly incorporated and organized municipal corporation under the law of the State of New Jersey.

3.  At all times relevant herein, the defendant, Asbury Park Police Department, was a duly

established department of the defendant, the City of Asbury Park.

4.  At all times relevant herein, the defendant, Sergeant Sean DeShader, was a police officer

employed by the defendants the City of Asbury Park and Asbury Park Police Department.

5.  At all times relevant herein, the defendant, Sergeant Sean DeShader, was acting his

capacity as a law enforcement officer for his respective employers, the defendants, the City of

Asbury Park and Asbury Park Police Department.

6.  At the time and place set forth above, the decedent plaintiff Hasani Best sustained serious

and permanent injuries, including multiple gunshot wounds resulting in death, as a result of the

negligence and carelessness of the defendants named herein as a defined and delineated by the

New Jersey Tort Claim Act.

7.   The defendant, Sergeant Sean DeShader, and vicariously, his employers, the City of Asbury Park and Asbury Park Police Department, were negligent and careless as defined and delineated by the New Jersey Tort Claims Act.

8.   The defendants, the City of Asbury Park and Asbury Park Police Department, were negligent, reckless and careless, as defined and delineated by the New Jersey Tort Claims Act, in failing to provide adequate training to its police officers, including the individual defendants named herein, regarding the standards and methods of appropriate police procedures, including the discharge of a weapon.

9.   The plaintiffs provided the defendants named herein with proper notice pursuant to N.J.S.A. 59:1-1, et seq., on or about October 20, 2020 and June 15, 2021. (That tort claim is annexed hereto and incorporated herein).

10.   As a result of the aforesaid negligence and carelessness of the defendants, the decedent plaintiff, Hasani Best, was severely injured and suffered permanent disability, including death and wrongful death, pre-impact terror and conscious pain and suffering.

11.   As a result of the aforesaid negligence and recklessness of the defendants, the decedent plaintiff, Hasani Best, suffered a wrongful death.

WHEREFORE, plaintiffs demand judgment for damages against the defendants, together with interest and costs in suit.

<u>SECOND COUNT</u>

1.   Plaintiffs repeat and reallege all of the allegation of the First Count as though set forth herein verbatim.

2.   The defendant, Sergeant Sean DeShader, committed an assault and battery upon the decedent plaintiff, Hasani Best, thereby causing and resulting in the wrongful death of the decedent

plaintiff, Hasani Best.

3.      The defendant, Sergeant Sean DeShader, committed intentional acts upon the decedent

plaintiff, Hasani Best, thereby causing wrongful death of the decedent plaintiff, Hasani Best.

4.      As a result of the aforesaid intentional acts of the defendant, the decedent plaintiff, Hasani

Best, was severely injured and suffered wrongful death.

        WHEREFORE, plaintiffs demand judgment for damages against the defendant, together

with interest and costs in suit.

### THIRD COUNT

1.      Plaintiffs repeat and reallege all of the allegations of the First Count and Second Count as

though set forth herein verbatim.

2.      The defendants named herein violated the civil rights of the decedent plaintiff, Hasani Best,

resulting in the deprivation of his rights, privileges and/or immunities secured by the Constitution

and Federal Laws, which violations proximately caused serious injury, disability, wrongful death

and other damages to the decedent plaintiff, Hasani Best.

3.      Plaintiffs allege that the defendants are liable to the decedent plaintiff, Hasani Best, for the

aforesaid violations of his civil rights pursuant to and in accordance with the provisions of the

applicable Federal Statutes, 42 U.S.C.A. Section 1983, et seq.

        WHEREFORE, plaintiffs demand judgment for damages against the defendant, together

with interest and costs in suit.

### FOURTH COUNT

1.      The plaintiff, Dayvon Jelani White, repeats and realleges all the allegations of the prior

Counts and makes the same a part hereof as though set forth herein at length.

2.      The plaintiff, Dayvon Jelani White, is the administrator of the estate of the decedent

plaintiff, Hasani Best.

3.      As a result of the injuries and death suffered by his father, the decedent plaintiff, Hasani

Best, this plaintiff, Dayvon Jelani White, suffered a loss of his father's aid, comfort and

consortium.

        WHEREFORE, plaintiffs demand judgment for damages against the defendant, together

with interest and costs in suit.

### FIFTH COUNT

1.      The plaintiff, Jamila Maddicks, on behalf of the infant, J.B., repeats and realleges all of the

allegations of the prior Counts and makes the same a part hereof as though set forth herein at

length.

2.      This plaintiff, Jamila Maddicks, is the Mother and Natural Guardian of the infant plaintiff,

J.B., who is the daughter of the decedent plaintiff, Hasani Best.

3.      As a result of the injuries suffered by her father decedent plaintiff, Hasani Best, this infant

plaintiff, J.B., suffered a loss of her father's aid, comfort and consortium.

        WHEREFORE, plaintiffs demand judgment for damages against the defendant, together

with interest and costs in suit.

### SIXTH COUNT

1.      The plaintiff, Haleema Brown, on behalf of the infant, S.B., on behalf of the infant, repeats

and realleges all of the allegations of the prior Counts and makes the same a part hereof as though

set forth herein at length.

2.      This plaintiff, Haleema Brown, is the Mother and Natural Guardian of the infant plaintiff,

S.B., who is the son of the decedent plaintiff, Hasani Best.

3.      As a result of the injuries suffered by his father decedent plaintiff, Hasani Best, this infant

plaintiff, S.B., suffered a loss of her father's aid, comfort and consortium.

WHEREFORE, these plaintiffs demand judgment against the defendants for damages, together with interest and cost of suit.

RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiffs

By: _____
SCOTT E. RYNECKI. ESQ.

WHEREFORE, these plaintiffs demand Trial by Jury on all issues.

RUBENSTEIN & RYNECKI, ESQS.
Attorneys for Plaintiffs

By: _____
SCOTT E. RYNECKI. ESQ.

WHEREFORE, these plaintiffs demand judgment against the defendants for damages, together with interest and cost of suit.

LAW OFFICES OF NELSON, FROMER,
CROCCO & JORDAN
Attorneys for Plaintiffs

By: _____
CHARLES M. CROCCO. ESQ.

WHEREFORE, these plaintiffs demand Trial by Jury on all issues.

LAW OFFICES OF NELSON, FROMER,
CROCCO & JORDAN
Attorneys for Plaintiffs

By: _____
CHARLES M. CROCCO. ESQ.

DATED: Brooklyn, New York
August 3, 2021

## CERTIFICATION IN ACCORDANCE WITH R.4:5-1

1.     The matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding,

2.     No other action or arbitration proceeding is contemplated.

3.     There are no known parties who may be liable to any party on the basis of the transactions or events which form the subject matter of this action who should be joined pursuant to R.4:48.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

SCOTT E. RYNECKI, ESQ.

CHARLES M. CROCCO, ESQ.

DATED: Brooklyn, New York
          August 3, 2021

# RUBENSTEIN & RYNECKI
### ATTORNEYS AT LAW
16 COURT STREET, SUITE 1717
BROOKLYN, NEW YORK 11241
Tel. (718)522-1020
Fax. (718)522-3804

SANFORD A. RUBENSTEIN
SCOTT RYNECKI*
ROBERT MIJUCA

RICHARD M LEVY
HARPER A. SMITH
MARC R BATTIPAGLIA*
CHAD RUSSELL
HARRIS L MARKS*
JEREMEY SEEMAN
SAMANTHA RADLEVICH
ADMITTED IN NY & NJ

October 20, 2020

<u>Via First Class Mail and Certified Mail R.R.R.</u>
Cert. Tracking No.: 7013 1710 0001 2920 0466
FedEx Tracking No.: 8119 3624 8715
Asbury Park Municipal Court
1 Municipal Plaza
Asbury Park, NJ 07712

Re:

Date of Accident:     August 21, 2020
Decedent:             Hasani Best

Dear Sir/Madam:

Please be advised that this office has been retained to represent the Estate of Hasani Best for serious personal injuries sustained resulting in his death as a result of multiple gunshot wounds that occurred on August 21, 2020.  Pursuant to <u>N.J.S.A.</u> 59:8-4, please be advised as follows:

(A)     Name & Address of Client(s):     *Dayon Jelani White as Proposed Administrator of the Estate of Hasani Best and Individually as the son of Hasani Best and on behalf of the daughter of Hasani Best, Infant Jena Best,*
725 Stanley Avenue
Brooklyn, New York 11207

*Jamila Maddicks as m/n/g of Jena Best, the daughter of Hasani Best*
2075 Wallace Avenue
Bronx, New York 10462

(B)     Name & Address of Attorney:     *Rubenstein & Rynecki, Esqs.*
16 Court Street, Suite 1717
Brooklyn, New York 11241
Attn: Scott E. Rynecki, Esq.

*Lynch Lynch Held Rosenberg, P.C.*
440 State Route 17 North
Hasbrouck Heights, New Jersey 07604

Attn: Arthur Lynch, Esq.

| | | |
|---|---|---|
| (C) | Date of Accident & Location: | August 21, 2020<br>915 4th Avenue, Asbury Park, New Jersey, Monmouth County |
| (D) | Description of Injuries: | The full extent of the claimant's injuries are including but not limited to gunshot wounds resulting in death, pre-impact terror, conscious pain and suffering and civil rights violations. |
| (E) | Responsible Parties: | Agent, servants and/or employees of the State of New Jersey, Asbury Park Police Department, Asbury Park Municipal Court, Monmouth County and the Office of the Attorney General. |
| (F) | Amount of Damages Claimed: | The full extent of the claimant's injuries cannot be determined at the present time as all records have not been obtained, as claimant is awaiting autopsy report. Claimant will make monetary claims for twenty five millions dollars ($25,000,000.00) on behalf of the Estate of Hasani Best and the surviving children of Hasani Best. |
| (G) | Exhibits | See multiple newspaper article annexed hereto. |

If you have any questions regarding this matter, please feel free to call upon me.

Very truly yours,

Scott E. Rynecki, Esq.
RUBENSTEIN & RYNECKI, ESQS.

Cc:
Via First Class Mail and Certified Mail R.R.R. and FedEx
Asbury Park Police Department
1 Municipal Plaza #1
Asbury Park, NJ 07712

Via First Class Mail and Certified Mail R.R.R.
Monmouth County
One East Main Street
P.O. Box 1255
Freehold, NJ 07728

<u>**Via First Class Mail and Certified Mail R.R.R. and FedEx**</u>
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street
8th Floor, West Wing
Trenton, NJ 08625-0080

<u>**Via First Class Mail and Certified Mail R.R.R.**</u>
Dept. of Treasury
Bureau of Risk Management
PO Box 620
Trenton, NJ 08625
Attn: Tort Claims Unit

09/27/2021     Received:                              Sep 27 2021 02:11pm
              13:10 Nelson Fromer Crocco Jordan      (FAX)732 774 8550          P.019/028

MON-L-003253-21   09/22/2021 11:18:38 AM  Pg 13 of 17 Trans ID: LCV20212198985

# RUBENSTEIN & RYNECKI
ATTORNEYS AT LAW
16 COURT STREET, SUITE 1717
BROOKLYN, NEW YORK 11241
Tel (718)522-1020
Fax (718)522-3908

SANFORD A. RUBENSTEIN
SCOTT RYNECKI
ROBERT MILLER

OF COUNSEL
JOSEPH A. SMITH
MARC B. BESTID-SOTTO
GREGORY SMITH
HARRIS F. MARKS
JEREMY STEVAN
ASSISTANT OFFICE LAW OF
SATTLIFFANT: ...

June 14, 2021

Via First Class Mail and Certified Mail R.R.R.
Tracking No.:
FedEx No.:
Asbury Park Municipal Court
1 Municipal Plaza
Asbury Park, NJ 07712

Re:     Date of Accident:     August 21, 2020
        Decedent:            Hasani Best

Dear Sir Madam:

Please accept this Amended Notice of Claim on behalf of the Estate of Hasani Best. A previous Notice of Claim was served by the "Proposed Administrator" and received on October 22, 2020. The reason for this amendment is to indicate that the Bronx Surrogate's Court has now since acted and appointed Dayvon Jelani White as the Administrator of the Estate of Hasani Best. Please see the prior Notice of Claim and Signed Decree from the Bronx Surrogate's Court annexed hereto. Please be advised that this office has been retained to represent the Estate of Hasani Best for serious personal injuries sustained resulting in his death as a result of multiple gunshot wounds that occurred on August 21, 2020.   Pursuant to N.J.S.A. 59:8-4, please be advised as follows:

(A)     Name & Address of Client(s):     *Dayvon Jelani White as Administrator of the Estate of Hasani Best and individually as the son of Hasani Best and on behalf of the daughter of Hasani Best, infant Jena Best.*
725 Stanley Avenue
Brooklyn, New York 11207

*Jamila Maddicks as m'r'g of Jena Best, the daughter of Hasani Best*
2075 Wallace Avenue
Bronx, New York 10462

(B)     Name & Address of Attorney:     *Rubenstein & Rynecki, Esqs.*
16 Court Street, Suite 1717
Brooklyn, New York 11241
Attn: Scott I. Rynecki, Esq.

09/27/2021    13:10 Nelson Fromer Crocco Jordan    Received:    Sep 27 2021 02:11pm    (FAX)732 774 8550    P.020/028

MON-L-003253-21   09/22/2021 11:18:38 AM Pg 14 of 17 Trans ID: LCV20212198985

Lynch Lynch Held Rosenberg, P.C.
440 State Route 17 North
Hasbrouck Heights, New Jersey 07601
Attn: Arthur Lynch, Esq.

| | | |
|---|---|---|
| (C) | Date of Accident & Location: | August 21, 2020<br>915 4th Avenue, Asbury Park, New Jersey, Monmouth County |
| (D) | Description of Injuries: | The full extent of the claimant's injuries are including but not limited to gunshot wounds resulting in death, pre-impact terror, conscious pain and suffering and civil rights violations. |
| (E) | Responsible Parties: | Agent, servants and or employees of the State of New Jersey, Asbury Park Police Department, Asbury Park Municipal Court, Monmouth County and the Office of the Attorney General. |
| (F) | Amount of Damages Claimed: | The full extent of the claimant's injuries cannot be determined at the present time as all records have not been obtained, as claimant is awaiting autopsy report. Claimant will make monetary claims for ten millions dollars ($10,000,000.00) on behalf of the Estate of Hasani Best and the surviving children of Hasani Best. |
| (G) | Exhibits | See multiple newspaper article annexed hereto. |

If you have any questions regarding this matter, please feel free to call upon me.

Very truly yours,

Scott A. Rynecki, Esq.
RUBENSTEIN & RYNECKI, ESQS.

Cc:
**Via First Class Mail and Certified Mail R.R.R. and FedEx**
Asbury Park Police Department
1 Municipal Plaza #1
Asbury Park, NJ 07712

**Via First Class Mail and Certified Mail R.R.R. and FedEx**
Monmouth County
One East Main Street
P.O. Box 1255
Freehold, NJ 07728

**Via First Class Mail and Certified Mail R.R.R. and FedEx**
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street
8th Floor, West Wing
Trenton, NJ 08625-0080

<u>Appendix XII-B1</u>

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE:  ☐ CK  ☐ CG  ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Charles M. Crocco, Esq. | (732) 774-6443 | Monmouth |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Nelson, Fromer, Crocco & Jordan | |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 2300 Route 66 - Suite 102<br>P.O. Box 279<br>Neptune, N.J. 07754 | Complaint |
| | JURY DEMAND  ☒ YES  ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Dayvon Jelani White, as Administrator of the Estate of Hasani K. Best, deceased, et als. | Dayvon Jelani White, et als. v. City of Asbury Park, et als. |

| CASE TYPE NUMBER (See reverse side for listing)<br><br>005 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ Yes  ☒ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES?<br>(arising out of same transaction or occurrence?)<br>☐ Yes  ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>UNKNOWN        ☐ NONE<br>☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION |
|---|

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes  ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)<br>☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ No |
|---|

| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
|---|
| |

| ♿ | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes  ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES  ☒ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 01/03/2011, CN 10517-English          page 1 of 2



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)**

**Track I - 180 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE -- PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
- 280 ZELNORM
- 285 STRYKER TRIDENT HIP IMPLANTS
- 288 PRUDENTIAL TORT LITIGATION

- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD

**Mass Tort (Track IV)**
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM

- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

# Civil Case Information Statement

**Case Details: MONMOUTH | Civil Part Docket# L-003253-21**

**Case Caption:** WHITE DAYVON  VS CITY OF ASBURY
PARK
**Case Initiation Date:** 09/22/2021
**Attorney Name:** CHARLES MICHAEL CROCCO
**Firm Name:** NELSON FROMER CROCCO & JORDAN
**Address:** 2300 ROUTE 66, STE 102 P.O. BOX 279
NEPTUNE TWP NJ 07754
**Phone:** 7327746443
**Name of Party:** PLAINTIFF : White, Dayvon, J
**Name of Defendant's Primary Insurance Company**
**(if known):** Unknown

**Case Type:** CIVIL RIGHTS
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Dayvon J White?** NO

**Are sexual abuse claims alleged by: Jamila Maddieke?** NO

**Are sexual abuse claims alleged by: Dayvon J White?** NO

**Are sexual abuse claims alleged by: Haleema Brown?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

**I certify that confidential personal identifiers have been redacted from documents now submitted to the**
**court, and will be redacted from all documents submitted in the future in accordance with** *Rule* **1:38-7(b)**

09/22/2021                                    /s/ CHARLES MICHAEL CROCCO
Dated                                                              Signed